ORIGINAL FILED
BY ECF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------X

UNITED STATES OF AMERICA,

- against -

AMNER A. BORUKHOV,
    also known as
    "Alex Amner Borukhov" and
    "Avner Borikhov,"

    Defendant.

-----------------------------X

PRELIMINARY
ORDER OF FORFEITURE

13 CR 144 (SJF)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ OCT 28 2013 ★
LONG ISLAND OFFICE

WHEREAS, on October 9, 2013, MARKIEL BORUKHOV (the "Defendant") entered a plea of guilty to the above-captioned indictment, charging a violation of 18 U.S.C. § 1349; and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Defendant consents to the entry of (i) a forfeiture money judgment in the amount of two million two hundred forty-six thousand, nine hundred and eighty-eight dollars and seventy cents ($2,246,988.70) in U.S. currency (the "Forfeiture Money Judgment"), (ii) any and all funds or other monetary or financial instruments in Moroccan Bank Credit Du Maghreb held in the name of Global Pacific; (iii) any and all funds or other monetary or financial instruments in Moroccan Bank Credit Du Maghreb held in the name of Alex Borukhov, and (iv) any and all funds or other monetary or financial instruments in Moroccan Bank Credit Du Maghreb held in the name of Markiel Borukhov (collectively (ii), (iii), and (iv) the "Foreign Accounts") pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of the Defendant's violation of 18 U.S.C.

1

§ 1349, or a conspiracy to commit such offense, and/or as substitute assets, pursuant to 21 U.S.C. § 853(p).

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the Defendant as follows:

1.  The Defendant shall forfeit to the United States all right, title and interest in the Forfeiture Money Judgment and Foreign Accounts pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p). The forfeiture of the Foreign Accounts shall be credited towards the defendant's Forfeiture Money Judgment.

2.  Based upon the Defendant's plea, the Defendant shall remit to the government the above-referenced forfeiture amount as provided herein. The Defendant represents that the Foreign Accounts altogether contain approximately six hundred thousand Moroccan dirhams (MAD 600,000), equivalent to seventy thousand four hundred sixty-two dollars and no cents ($72,462.00) in U.S. currency according to the MAD-US dollar currency exchange rate of 0.12077 on October 1, 2013. If the Defendant fails to pay any portion of the Forfeiture Money Judgment on or before the date of his plea (the "Due Date"), interest shall accrue on any unpaid portion thereon at the judgment rate of interest from that date. All payments made towards the Forfeiture Money Judgment shall be made in the form of a bank or certified check payable to the "United States Marshals Service" and shall be delivered by overnight air express delivery to Asset Forfeiture Paralegal Kristen Lake, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, 5th Floor, Central Islip, New York 11722.

3.  If the Forfeiture Money Judgment and Foreign Accounts, or any portion

thereof, is not forfeited to the United States, the United States may seek to enforce this Order against any other assets, real or personal, of the Defendant up to the value of the Forfeiture Money Judgment pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The Defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment and agrees to liquidate, repatriate and forfeit the Foreign Accounts. The Defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding.

4. The Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the Forfeiture Money Judgment and Foreign Accounts forfeited hereunder, including notice set forth in an indictment or information. In addition, the Defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the Foreign Accounts, and waives all constitutional, legal and equitable defenses to the forfeiture of the Forfeiture Money Judgment and the Foreign Accounts, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

5. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General, or his designee, is authorized to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the Defendant to satisfy the Forfeiture Money Judgment and the Foreign Accounts following the Court's entry of the judgment of conviction.

6. The terms contained herein shall be final and binding only upon

the Court's "so ordering" of this order.

7. The United States shall publish notice of this Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, and of its intent to dispose of the Foreign Accounts in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Foreign Accounts as a substitute for published notice as to those persons so notified.

8. Pursuant to the Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of his sentence, and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Preliminary Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with law.

9. Any person, other than the Defendant, asserting a legal interest in the Foreign Accounts may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Foreign Accounts must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

10. This Order shall be binding upon the Defendant and the successors, administrators, heirs, assigns, and transferees of the Defendant, and shall survive the bankruptcy of any of them.

11. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Preliminary Order of Forfeiture to FSA Asset Forfeiture Paralegal Kristen Lake, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722.

Dated: Central Islip, New York
October 17, 2013

s/ Sandra J. Feuerstein

_____
HONORABLE SANDRA J. FEUERSTEIN
UNITED STATES DISTRICT JUDGE